# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SHIEILA ANN MARRA,**

      **Plaintiff,**

v.                                                       **Case No: 6:16-cv-936-Orl-DCI**

**COMMISSIONER SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Sheila Ann Marra (Claimant) appeals the Commissioner of Social Security's final decision denying her application for disability benefits. Doc. 1. Claimant argues that the Administrative Law Judge (ALJ) erred by: 1) failing to properly develop the record; 2) finding she has no more than mild impairments in social functioning; 3) relying on Dr. J. Jeff Oatley's opinion finding she has no more than mild impairments in social functioning; 4) finding her testimony concerning her pain and limitations "not fully credible;" and 5) failing to include certain limitations in his hypothetical to the vocational expert (VE). Doc. 32 at 12-18, 20-26. Claimant requests that the matter be reversed and remanded for further proceedings. *Id*. at 27. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

**I.**     **PROCEDURAL HISTORY.**

This case stems from Claimant's application for supplemental security income. Ex. 1D, pg. 1-8.[1] Claimant alleged a disability onset date of August 1, 2011. Ex. 1D, pg. 1. Claimant's

---

[1] The administrative record customarily contains sequential record citations on each page of the record. That is not the case here. The first 25 pages of the administrative record do not contain sequential record citations or exhibit citations. The Court will, nevertheless, cite to these pages, which include the ALJ's decision, using the sequential record citations delineated in the

application was denied on initial review, and on reconsideration. The matter then proceeded before the ALJ. The ALJ held a hearing on July 8, 2014. R. 82-107. The ALJ determined that Claimant should undergo a one-time mental health examination during the hearing. R. 101-02. Thus, the ALJ adjourned the hearing so that Claimant could undergo a one-time mental health examination. The ALJ continued the hearing on October 15, 2014. R. 52-79. The ALJ entered his decision on October 30, 2014, and the Appeals Council denied review on April 4, 2016. R. 1-4, 10-20.

## II.  THE ALJ'S DECISION.

The ALJ found that Claimant has the following severe impairments: a history of hypertension; hyperlipidemia; history of possible chronic obstructive pulmonary disease (COPD) secondary to tobacco abuse and medical non-compliance. R. 12. The ALJ also found that Claimant has the following non-severe impairments: chronic low back pain and chest pain; and mood disorder, not otherwise specified (NOS). R. 12-13.

The ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals any listed impairment. R. 13-14.

The ALJ found that Claimant has the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 416.967(c),[2] with the following specific limitations:

> Within a normal 8-hour workday, the claimant can sit, stand or walk for 6 hours each and she can lift 50 pounds occasionally and 25 pounds more frequently. The claimant is limited to only frequent use of foot/pedal controls and push/pull activities with her lower

---

administrative record's index. The administrative record contains sequential record citations for pages 26 through 107. The remaining pages of the administrative record, however, do not contain sequential record citations, but, instead, contain exhibit citations. Thus, the Court will cite to the first 107 pages of the administrative record using the sequential record citations (R. #), and will cite to all remaining pages using exhibit and page citations (Ex. #, pg. #).

[2] Medium work is defined as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c).

> extremities; she is limited to only occasional climbing of ramps and stairs, but she should do no climbing or ropes, ladders or scaffolds and she is limited to no more than frequent postural movements otherwise (i.e., balance, stoop, squat, crouch, crawl or kneel). The claimant should work in a temperature controlled climate, have no exposure to extreme temperatures; no exposure to pulmonary irritants such as dusts, fumes, gases or odors and she must avoid exposure to dangerous machinery and unprotected heights. Lastly, the claimant has no impairments regarding her ability to interact with others and she is limited to performing simple, rote and repetitive tasks free from meeting any production goals or quotas. This latter limitation is necessary due to her lack of any past work and not due to any mental impairment.

R. 14. The ALJ found that Claimant did not have any past relevant work experience. R. 19. The ALJ found that Claimant could perform other work in the national economy. R. 19-20. Thus, the ALJ found that Claimant was not disabled between her alleged onset date, August 1, 2011, through the date of the decision, October 30, 2014. R. 20.

### III. STANDARD OF REVIEW.

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's

decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

IV. **ANALYSIS.**

   **A. Duty to Develop.**

Claimant argues that the ALJ failed to sufficiently develop the record by not obtaining an opinion from an examining source that identifies the physical limitations caused by her physical impairments. Doc. 32 at 12-13. The Commissioner argues that the ALJ was under no duty to obtain such an opinion. *Id*. at 13-14.

The ALJ has a basic duty to develop a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam).[3] This duty generally requires the ALJ to assist in gathering medical evidence, and to order a consultative examination when such an evaluation is necessary to make an informed decision. 20 C.F.R. § 416.912(b). There must be a showing that the ALJ's failure to develop the record led to evidentiary gaps in the record, which resulted in unfairness or clear prejudice, before the court will remand a case for further development of the record. *Graham*, 129 F.3d at 1423 (citing *Brown*, 44 F.3d at 934-35).

The ALJ satisfied his duty to develop a full and fair record. The record, as Claimant notes, does not contain any treating or examining source opinions setting forth specific physical limitations. *See* Exs. 1F-12F. Claimant argues that the ALJ should have obtained such evidence. Doc. 32 at 13 (citing *Delgadillo v. Colvin*, 2013 U.S. Dist. LEXIS 142104 (E.D. Cal. Sept. 30, 2013); *Stringer v. Astrue*, 2009 U.S. Dist. LEXIS 121841 (N.D.N.Y. Dec. 2, 2009)). The cases

---

[3] The basic duty to develop the record rises to a "special duty" where the claimant is not represented during the administrative proceedings. *Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). Claimant was represented during the administrative proceedings. *See* R. 52-79, 82-107. Therefore, the ALJ, in this case, only had a basic duty to develop the record.

Claimant relies on are distinguishable from this case, and, thus, do not support Claimant's argument.[4] It is axiomatic that the ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 416.946(c). The ALJ must consider all the evidence, including evidence from treating, examining, and non-examining medical sources, in determining the claimant's RFC. 20 C.F.R. § 416.945(a)(3). The ALJ had ample information to determine Claimant's RFC, including numerous treatment records (Exs. 6F-7F) and a consultative examination report (Ex. 5F) detailing unremarkable physical examination results. Thus, the Court finds, under the circumstances of this case, that the ALJ was not required to obtain a treating or examining source opinion setting forth specific physical limitations. *See Gregory*, 2008 WL 4372840, at *8 ("A medical opinion is . . . not required to validate a RFC finding by the ALJ."). Further, Claimant has failed to demonstrate that the lack of a treating or examining source opinion setting forth specific physical limitations resulted in unfairness or clear prejudice. *See* Doc. 32 at 13. Thus, in light of the foregoing, the

---

[4] The *Delgadillo* case, for instance, does not address whether the ALJ must obtain a treating or examining source opinion setting forth specific physical limitations where there are no such opinions in the record. The *Delgadillo* case, instead, involves a situation where the ALJ relied on a medical opinion that was rendered prior to the onset of several severe impairments. *Delgadillo*, 2013 U.S. Dist. LEXIS 142104, at *34-39. The court found that the ALJ erred by relying on the earlier medical opinion, and instructed the ALJ to order a consultative examination that addressed the impact of claimant's other severe impairments. *Id*. That issue is not present in this case, and, thus, *Delgadillo* is distinguishable. The *Stringer* case, on the other hand, appears to be more on point. The *Stringer* court found, in relevant part, that the ALJ should have obtained an opinion containing a function-by-function analysis, because the record did not contain a treating, examining, or non-examining source opinion containing a function-by-function analysis. *Stringer*, 2009 U.S. Dist. LEXIS 121841, at *11-14. The Court, as an initial matter, is not persuaded that the finding in *Stringer* is consistent with the jurisprudence in this Circuit. *See Gregory v. Astrue*, Case No. 5:07-cv-19-Oc-GRJ, 2008 WL 4372840, at *8 (M.D. Fla. Sept. 24, 2008) ("A medical opinion is . . . not required to validate a RFC finding by the ALJ."). Further, the *Stringer* case is factually distinguishable from this case, because there is a physical RFC report in this case from a non-examining medical source containing a function-by-function analysis, which the ALJ considered and weighed at step four. R. 18 (citing Ex. 4A, pgs 8-9).

Court finds that Claimant has failed to demonstrate that the ALJ did not develop a full and fair record.

**B. Social Functioning.**

Claimant argues that the ALJ's determination that she has mild impairments in social functioning is not supported by substantial evidence, because the "the record as a whole establishes that [she] has more than mild limitations in the area of social functioning." Doc. 32 at 25-26. The Commissioner argues that the ALJ's determination that Claimant has mild impairments in social functioning is supported by substantial evidence. *Id*. at 26-27.

The ALJ, as previously mentioned, found that Claimant suffers from several non-severe impairments, including mood disorder, NOS. R. 12. The ALJ, as a result, considered the four broad functional areas set forth in the disability regulations for evaluating mental disorders, which includes social functioning. R. 12-13. The ALJ stated, in relevant part, as follows:

> The next functional area is social functioning. During the hearing, the claimant testified she significantly struggles in getting along with others and she does not like to interact with people. However, according to the record, multiple treatment providers and examining medical sources have noted the claimant's socially appropriate responsive behavior and have described the claimant as "cooperative" during the course of treatment and medical examinations. Therefore, the claimant has no more than mild limitations in social functioning (Exhibits 6F-8F and 12F).

R. 13. The ALJ relied on treatment records from Claimant's primary care physician (PCP), Stewart-Marchmann-Act Behavior Healthcare (SMA), and the emergency room, as well as Dr. Oatley's mental health evaluation, in determining that Claimant has mild limitations in social functioning. *Id*. (citing Exs. 6F-8F, 12F).

The ALJ's determination that Claimant has mild limitations in social functioning is supported by substantial evidence. Claimant does not challenge the reasons supporting the ALJ's

determination that she has mild limitations in social functioning, but, instead, argues that other evidence (her mental impairments and testimony) reveals that she has more than mild limitations in social functioning. Doc. 32 at 25-26. The Court's review is limited to determining whether the ALJ's decision is supported by substantial evidence, not whether other evidence supports a different outcome. *Foote*, 67 F.3d at 1558. Thus, the Court must affirm the ALJ's decision if it is supported by substantial evidence. This is true even if the Court found that the evidence the Claimant cites preponderates against the Commissioner's decision. *Bloodsworth*, 703 F.2d at 1239. The ALJ, here, noted that Claimant testified that she had difficulty interacting with others. R. 13. The ALJ, however, found this testimony was inconsistent with Claimant's treatment records and Dr. Oatley's mental health evaluation, which, as the ALJ discussed, routinely contained normal mental evaluations and no evidence of social impairment. *See* Exs. 6F-8F, 12F. A pattern of normal mental evaluations, coupled with no documented evidence of significant social impairments supports the ALJ's conclusion concerning Claimant ability to socialize. Thus, the Court finds that the ALJ's determination that Claimant has mild limitations in social functioning is supported by substantial evidence.[5]

---

[5] The Court, despite its narrow scope of review, has considered whether the evidence Claimant relies on (her mental impairments and testimony) undermines the ALJ's determination that she has mild limitations in social functioning. First, the mere existence of Claimant's mental impairments does not reveal whether those impairments cause social limitations. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). Thus, the mere fact Claimant has been diagnosed with various mental impairments bears little, if any, significance in demonstrating that she has more than mild limitations in social functioning, because the diagnoses, in and of themselves, do not provide any insight as to whether those impairments (none of which were diagnosed by a mental health professional) caused any social limitations. Second, the ALJ found that Claimant's testimony, including her testimony concerning her social limitations, was not entirely credible. R. 17-18. The Court, as discussed below, finds that the ALJ's credibility determination is supported by substantial evidence. *See infra* pp. 11-14. Thus, Claimant's reliance on her testimony to undermine the ALJ's determination that she has mild limitations in social functioning is unavailing. Therefore, in light of the foregoing, the Court finds that the presence of Claimant's

## C. Dr. Oatley.

Claimant argues that the ALJ erred by assigning Dr. Oatley's opinion that she had no severe mental impairments significant weight, because the record reveals that she, in fact, was diagnosed with and suffers from several mental health impairments. Doc. 32 at 22-24. The Commissioner argues that the ALJ's decision to assign Dr. Oatley's opinion significant weight is supported by substantial evidence. *Id.* at 24-25.

An examining physician's opinion is generally not entitled to any deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). The more consistent a physician's opinion is with the record as a whole, the more weight an ALJ can place on that opinion. 20 C.F.R. § 416.927(c)(4).

Dr. Oatley performed a psychological evaluation of Claimant on September 22, 2014. Ex. 12F. Dr. Oatley considered treatment records from SMA, Claimant's physical and mental health history, and conducted a mental status examination, which was unremarkable. Ex. 12F, pg. 2-4. Dr. Oatley essentially found that Claimant did not suffer from any severe mental impairments, and, thus, her ability to perform tasks and socialize were not impaired as a result of any mental impairments. Ex. 12F, pg. 4-7.

The ALJ considered Claimant's testimony, various medical records, and medical source opinions in reviewing Claimant mental impairments. R. 15-18. The ALJ, for example, discussed the following evidence concerning Claimant's mental impairments:

> Concerning her mental impairments, SMA mental health treatment records reflect the claimant reporting generally mild mental symptoms as well as positive response to treatment (when she actually took medication as prescribed). For example, according to a December 2013 SMA therapy notes, the claimant reported feeling "ok;" and that her "meds really help" in relation to mental symptoms (Exhibit 8F/6).

---

mental impairments and her testimony do no undermine the ALJ's determination that she has mild limitations in social functioning.

> Moreover, during the course of her routine SMA mental status exams, the claimant consistently demonstrated a cooperative attitude; normal speech; appropriate affect; normal mood; logical thought processes; unremarkable thought content; good insight; adequate judgment; adequate attention and concentration and no memory impairments. Treating SMA providers also assigned the claimant Global Assessment of Functioning (GAF) score of 65 (Exhibit 8F), which indicates no more than mild limitations in mental functioning, Diagnostic and Statistical Manual of Mental Disorders – Fourth Edition. Consequently, it appears the claimant's mental impairments remain manageable with ongoing therapy and medication compliance and her mental symptoms are far from debilitating in relation to the degree of severity as reflected in the available records (Exhibit 8F).
>
> Furthermore, the claimant recently presented for a mental status evaluation (MSE) in September 2014 by non-treating psychological consultant, J. Jeff Oatley, Ph.D., who reported no significant mental limitations in her overall functioning. Specifically, Dr. Oatley noted the claimant's relevant medical history, troubled childhood history and history of legal troubles relating to marijuana possession and marijuana use. During the mental status exam, Dr. Oatley recorded the claimant demonstrated appropriate mood, normal energy level, adequate self-esteem, adequate fund of knowledge, no evidence of any concentration deficits and no severe mental health impairments in concluding that the claimant suffered from tobacco use disorder, moderate; alcohol use disorder, mild; hypertension, hyperlipidemia and rule out back pain (Exhibit 12F).

R. 16-17 (citing Exs. 8F, 12F). The ALJ also considered Claimant's testimony and treatment records from Claimant's PCP and the emergency room. R. 15-17. The ALJ proceeded to consider the opinion evidence, including Dr. Oatley's opinion, stating:

> Dr. Oatley completed a medical questionnaire on the claimant subsequent to his September 2014 consultative evaluation. Ultimately, Dr. Oatley opined the claimant showed no limitations in her ability to understand, remember and carry out instructions and no limitations in her ability to interact appropriately with supervisors, co-workers and the public or respond to changes in a routine work setting (Exhibit 12F). In the instant case, the [ALJ] finds Dr. Oatley's mental assessment consistent with the other credible evidence of record in its entirety and therefore accords his

> medical opinion significant probative weight in determining the claimant's relevant mental limitations in a work setting.

R. 18. Thus, the ALJ assigned significant weight to Dr. Oatley's opinion because it was consistent with other evidence that the ALJ found to be credible. *Id.*

The ALJ thoroughly considered the record evidence in determining whether Claimant's mental impairments resulted in any functional limitations. Claimant argues that the ALJ erred in relying on Dr. Oatley's opinion, because "the record as a whole establishes that the Plaintiff has mental health issues inclusive of [difficulty] getting along with people and . . . a low frustration tolerance." Doc. 32 at 23-24. This argument suggests that the ALJ relied solely on Dr. Oatley's opinion in determining that Claimant's mental impairments resulted in no functional limitations. The ALJ, however, considered and relied upon treatment records from Claimant's PCP, the emergency room, and SMA, in addition to Dr. Oatley's opinion, in determining whether Claimant's mental impairments resulted in any functional limitations. R. 15-18. Thus, the ALJ did not fail to consider the record as a whole in determining whether Claimant's mental impairments resulted in any functional limitation.

Further, the ALJ's decision to assign Dr. Oatley's opinion significant weight is supported by substantial evidence. Dr. Oatley's opinion is, as the ALJ found, consistent with other evidence in the record, including treatment records from Claimant's PCP, the emergency room, and SMA. These treatment records, for example, reveal that Claimant's mental status examinations were routinely unremarkable. *See* Exs. 6F-8F. The treatment records also revealed that Claimant's mental health impairments were well controlled when Claimant was compliant with her treatment and medications. Ex. 8F, pg. 3, 6.[6] These records are relatively consistent with Dr. Oatley's

---

[6] This fact is highlighted by the treatment notes from SMA. Claimant reported doing well while she was on her medications. Ex. 8F, pg. 3, 6. These reports were corroborated by Claimant's

observations and opinion. *Compare* Exs. 6F-8F *with* Ex. 12F. Therefore, the ALJ did not err in assigning Dr. Oatley's opinion significant weight, because his reasons for doing so were supported by substantial evidence. *See* 20 C.F.R. § 416.927(c)(4) (a medical opinion is generally entitled to more weight where it is consistent with the medical record as a whole).

### D. Credibility.

Claimant argues that the ALJ's credibility determination is not supported by substantial evidence. Doc. 32 at 14-18. The Commissioner argues that the ALJ's credibility determination is supported by substantial evidence. *Id*. at 18-20.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 416.929(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements,

---

mental status examinations, which were largely unremarkable. Ex. 8F, pg. 4, 7. Claimant, however, began to experience issues when she ran out of her medications. Ex. 8F, pg. 9. This aberration appears to have occurred due to Claimant's failure to remember that she could request free re-fills, and not because of an inability to afford her medication. *Id*. This issue was apparently rectified, since Dr. Oatley's mental status examination of Claimant, which occurred after this issue, was unremarkable. *See* Ex. 12F, pg. 2-5.

medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. at § 416.929(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Id*. at 1562.

The ALJ considered Claimant's testimony and her credibility, explaining:

> Despite the above claimant-reported allegations and limitations, the [ALJ] notes that the record establishes the claimant's ability to engage in a broad range of activities of daily living including taking public transportation; she regularly obtains cigarettes and alcohol and she is able to attend to her personal care (bathing, grooming, dressing, etc.) without difficulty. Furthermore, non-treating examining physicians and regular treating physicians/providers have consistently noted the claimant's ability to attend to activities of daily living without assistance. Also pertinent, the claimant testified that, due to her history of arrests and incarceration, background checks prevent her from employment; however, such reasoning is unrelated to any medically determinable impairments or medical related issues connected with her disability claim (Exhibits 6F-8F and 12F).
>
> Also, as previously discussed, the claimant's mood disorder is deemed "non-severe" based on the claimant's comments that her symptoms remained well managed on prescribed medication from her PCP and SMA therapy. Moreover, the claimant's treating physicians and examining medical sources consistently noted the claimant presenting with normal affect, appropriate mood, alert and oriented and demonstrating adequate attention span (Exhibits 6F-8F).
>
> Therefore, after careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not fully credible for the reasons explained herein. Also pertinent in assessing the claimant's credibility, the [ALJ] notes the claimant's exceedingly poor work history and little motivation to work (Exhibit 3D). When queried about her ability to do very

> simple jobs, she was unable to articulate any cogent reason as to why
> she would be unable to work saying only "I am not able to work."

R. 17-18 (internal citations omitted). Thus, the ALJ found that Claimant's allegations concerning the intensity, persistence, and limiting effects of her symptoms were "not fully credible" based on the success of her treatment, her routine and largely unremarkable mental status examinations, the scope of her daily activities of living, her inability to articulate why she is unable to work due to her medical impairments, her poor work history, and lack of motivation to work. *Id*.

The Court finds that the ALJ's credibility determination is supported by substantial evidence. Claimant argues that the reasons the ALJ articulated in support of his credibility determination either provide little support to the ALJ's credibility determination, or supports her allegations concerning the intensity, persistence, and limiting effects of her impairments. Doc. 32 at 17-18. Claimant, for instance, argues that since she performed few activities of daily living due to her homelessness, her daily activities do not provide sufficient insight into her ability to perform work-related activities. *Id*. at 18. The Court disagrees. The ALJ articulated several representative activities of daily living that, taken together, demonstrate that Claimant, despite her homelessness, is able to perform simple tasks to maintain her independence. R. 17. Thus, the Court finds that Claimant's activities of daily living do weigh against Claimant's allegations, and, consequently, support the ALJ's credibility determination.

The ALJ's other reasons, when viewed together, support his credibility determination. Claimant argues that her treatment and her poor work history do not support the ALJ's credibility determination, but, instead, support her allegations concerning the intensity, persistence, and limiting effects of her impairments. Doc. 32 at 17-18. The Court disagrees. The record, as previously mentioned, demonstrates that Claimant's mental health impairments were well controlled when Claimant was compliant with her treatment and medications. Ex. 8F, pg. 3, 6.

Claimant's improvement was evidenced by her largely unremarkable mental status examinations. Ex. 8F, pg. 4, 7. Thus, the Court finds this evidence supports the ALJ's credibility determination. Further, Claimant's poor work history also supports the ALJ's credibility determination. Claimant cites no evidence demonstrating that her poor work history was caused by her impairments. *See* Doc. 32 at 17-18. The record, as the ALJ discussed, instead, reveals that Claimant testified that she could not find work, in part, due to her criminal history. *See* R. 93. Thus, the ALJ properly considered Claimant's poor work history, which was related, to some extent, to factors unrelated to her impairments.

The Court, having considered Claimant's arguments challenging the ALJ's credibility determination, finds that Claimant's arguments are unavailing. The Court finds that the reasons articulated by the ALJ support his credibility determination, and are supported by substantial evidence. Therefore, the Court finds that the ALJ's credibility determination is supported by substantial evidence.

### E. Hypothetical to VE.

Claimant argues that the ALJ failed to present a hypothetical to the VE that contained all of her limitations. Doc. 32 at 21-22. The Commissioner maintains that the ALJ properly rejected the limitations Claimant argues should have been included in his hypothetical to the VE, and thus was not required to include the same in his hypothetical to the VE. *Id*. at 22.

The ALJ may consider the testimony of a VE in determining whether the claimant can perform other jobs in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The ALJ is required to pose hypothetical questions that are accurate and that include all of the claimant's functional limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). The ALJ, however, is not required to include "each and every symptom" of the claimant's

impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or "findings . . . that the ALJ . . . properly rejected as unsupported" in the hypothetical question, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Where the ALJ relies on the VE's testimony, but fails to include all the claimant's functional limitations in the hypothetical question, the final decision is not supported by substantial evidence. *See Pendley*, 767 F.2d at 1562 (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

The ALJ posed a hypothetical to the VE that was consistent with his RFC determination. R. 60-61. The VE, based on the ALJ's hypothetical, found that Claimant would be able to perform the following representative jobs: tagger; ticket taker; table worker; paper pattern folder. R. 63-64. The ALJ found the VE's testimony credible, and relied on the same in determining that Claimant could perform other work in the national economy. R. 20.

The ALJ committed no error with respect to his hypothetical to the VE. Claimant argues that the ALJ's hypothetical should have indicated that she has difficulty interacting with others, and occasionally needs to take a 10 to 15 minute break when she becomes frustrated with others. Doc. 32 at 21. The only evidence supporting these limitations stems from Claimant's testimony. R. 55-57. The ALJ, as previously mentioned, considered Claimant's testimony and found her testimony, including testimony concerning her difficulty interacting with others and need for breaks when she becomes frustrated with others, not entirely credible. R. 17-18. The Court concluded that the ALJ's credibility determination was supported by substantial evidence. *See supra* pp. 11-14. Thus, the ALJ properly rejected Claimant's testimony concerning her social limitations, and, consequently, was not required to include those limitations in his hypothetical to the VE. *Crawford*, 363 F.3d at 1161. Therefore, the Court finds that the ALJ committed no error with respect to his hypothetical to the VE.

## V. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 22, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable John D. Thompson, Jr.
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
Desoto Bldg., Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224